Donna MORTON, Plaintiff Below, Appellant,

v.

SKY NAILS, Defendant Below, Appellee.

No. 73,2005.

Supreme Court of Delaware.

Submitted: Aug. 11, 2005.
Decided: Sept. 13, 2005.
Reargument Denied Oct. 12, 2005.

Richard H. Cross, Jr., of Cross & Simon, L.L.C., Wilmington, for Appellant.

Thomas S. Bouchelle, of The Law Offices of Thomas S. Bouchelle, Newark, for Appellee.

Before STEELE, Chief Justice, HOLLAND and BERGER, Justices.

BERGER, Justice:

In this appeal, we consider whether the so-called "time of discovery" rule tolls the statute of limitations when a plaintiff discovers the personal injury a few days after the tortious conduct. The trial court decided that this plaintiff did not deserve the benefit of the equitable time of discovery rule because she had almost two full years to assert her claim and offered no excuse for her failure to file suit within the two-year limitations period. We disagree. Under the time of discovery rule, the statute of limitations does not begin to run until a party knows or has reason to know that he/she has been injured. Where, as here, the injury does not manifest itself until several days after the wrongful act, the two-year statute of limitations runs from the date of discovery, rather than the date of the injury. Accordingly, we reverse.

Factual and Procedural Background

On September 15, 2002, Donna Morton paid for and received a pedicure at Sky Nails. As part of that treatment, Morton was directed to soak her feet in a tub of water. On September 20, 2002, Morton noticed large pustular spots on her legs and ankles. When she sought medical treatment for the rash, on September 23, 2002, Morton learned that she was suffering from spa/pool folliculitis, a condition commonly caused by soaking in an unsanitary tub or spa. On September 17, 2004, Morton filed suit against Sky Nails, alleging breach of contract, breach of warranty, and two counts of negligence. The trial court granted Sky Nails' motion to dismiss, holding that the claims were barred by the applicable two-year statute of limitations and that the time of discovery rule did not toll the statute for the five days from the time of the pedicure to the time that the rash first appeared.

Discussion

The parties agree that 10 *Del. C.* § 8119, the two-year statute of limitations for personal injury actions, governs Morton's claims. For present purposes, at least, they also agree that Morton was injured on September 15, 2002, but had no reason to know that she suffered any injury until September 20, 2002, when she developed a rash on her legs and ankles. The only issue is whether, given these facts, a complaint filed on September 17, 2004 is barred by the statute of limitations.

In *Layton v. Allen,*[1] this Court first articulated the time of discovery rule:

---

1.  246 A.2d 794 (Del.1968).

Upon the bases of reason and justice, we hold that when an inherently unknowable injury... has been suffered by one blamelessly ignorant of the act or omission and injury complained of, and the harmful effect thereof develops gradually over a period of time, the injury is "sustained" under § 8118 [now § 8119] when the harmful effect first manifests itself and becomes physically ascertainable.... We hold that the limitations period commenced to run when the plaintiff first experienced pain caused by the unknown foreign object.[2]

*Layton* differs from this case in two respects: (i) it was a medical malpractice action; and (ii) by the time plaintiff discovered the injury (seven years after the doctor negligently left a hemostat in her abdomen) the two-year statute of limitations would have expired, if not tolled.

Neither of these distinctions, however, prevents application of the time of discovery rule here. The General Assembly restricted the time of discovery rule, as applied to medical malpractice claims, when it enacted 18 *Del.C.* § 6856.[3] But *Layton* remains good law as applied to other actions. Thus, for example, the time of discovery rule tolls the applicable statute of limitations in claims based on products liability,[4] accounting malpractice,[5] and corporate fraud.[6] Since Morton's negligence claim is not a medical malpractice claim, it remains subject to the time of discovery rule.

The trial court seemed to rely on the second distinction in deciding not to apply the time of discovery rule. Unlike the plaintiff in *Layton*, who had no idea that she had been injured until long after the two-year statute of limitations would have expired, Morton knew she had a claim against Sky Nails within a week of the alleged tortious conduct. Since Morton was not "blamelessly ignorant" for two or more years, she could have filed her suit within the time proscribed by § 8119. Morton offered no excuse for her delay, and the trial court concluded that she was not entitled to the equitable relief of having the statute of limitations tolled.

While it is true that the time of discovery rule is equitable in nature, our case law establishes that the only two requirements for application of that rule are an "inherently unknowable" injury and a "blamelessly ignorant" plaintiff. In *Greco v. University of Delaware*[7], for example, the plaintiff began having medical problems in early December 1987, and suffered a grand mal seizure on December 21, 1987. She filed suit on December 20, 1989. This Court applied *Layton*, despite the fact that the plaintiff discovered the negligence at the beginning of the two-year limitations period, and held that the statute of limitations began to run on the date that "the alleged negligence 'first manifests itself and becomes physically ascertainable....'"[8] It is undisputed that Morton satisfied both of *Layton's* criteria for the five days between her pedicure and the time that a rash developed on her legs and

2. *Id.* at 798.

3. *Dunn v. St. Francis Hosp., Inc.,* 401 A.2d 77 (Del.1979).

4. *Bendix Corporation v. Stagg,* 486 A.2d 1150 (Del.1984).

5. *Coleman v. PricewaterhouseCoopers, LLC,* 854 A.2d 838 (Del.2004).

6. *Wal-Mart Stores, Inc. v. AIG Life Insurance Co.,* 860 A.2d 312 (Del.2004).

7. 619 A.2d 900 (Del.1993).

8. *Id.* at 906.

ankles. Thus, the statute of limitations was tolled for five days, and Morton had until September 20, 2004 to file her action.

### Conclusion

Based on the foregoing, the judgment of the Superior Court is hereby reversed and this matter is remanded for further action in accordance with this decision. Jurisdiction is not retained.