# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

|  |  |  |
|---|---|---|
| ROBERT AND ANN THOMAS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CAPANO HOMES INC, | ) | C.A. No.  N14C-11-074 |
| | ) | |
| Defendant. | ) | |

## OPINION

Date Submitted: January 7, 2015
Date Decided: April 2, 2015

*Upon Defendant Capano Homes Inc.'s Motion to Dismiss:* **DENIED**.


Blake A. Bennett, Esquire, and Christopher H. Lee, Esquire, Cooch & Taylor P.A., 1000 West Street, 10th Floor, Wilmington, DE 19801, Attorneys for Plaintiffs.

Jeffrey M. Weiner, Esquire, 1332 King Street, Wilmington, DE 19801, Attorney for Defendant.


**Jurden, P.J.**

# I.  INTRODUCTION

Before the Court is Defendant Capano Homes Inc.'s ("Capano") Motion to Dismiss.  This case involves claims by the owners of a single family home against the builder of that home. For the reasons that follow, Defendants' Motion to Dismiss is **DENIED.**

# II.  FACTS

On February 5, 1998, Plaintiffs Robert and Ann Thomas ("Plaintiffs") purchased a single family home from the original owner.[1] The original owner purchased the property directly from Capano, the general contractor.[2] In 2014, Plaintiffs learned of several instances of water infiltration affecting similar homes with stucco facades.[3] Thereafter, Plaintiffs hired a qualified expert to inspect their home for water infiltration.[4] In August 2014, that expert determined "that the Property suffers from serious, but hidden, design and construction defects that have resulted and will result in severe water and moisture penetration, deterioration, unattractiveness, loss of marketability and market value, structural and physical instability, and other dangerous conditions."[5]

---

[1] Complaint ¶¶ 2–4 (Trans. ID 56311078); Plaintiffs' Opposition to Capano Homes Inc.'s Motion to Dismiss ¶ 1 ("Pls.' Opp'n") (Trans. ID 56564059).
[2] Pls.' Opp'n ¶ 1.
[3] Compl. ¶ 5.
[4] *Id.*
[5] *Id.*

Plaintiffs filed a Complaint against Capano on November 7, 2014, asserting a claim of negligent construction.

## III. PARTIES' CONTENTIONS

Capano filed this Motion to Dismiss arguing that the Complaint must be dismissed under Superior Court Civil Rule 12(b)(6) because it is time-barred.[6] According to Capano, Plaintiffs cannot rely on the Time of Discovery Rule to toll the statute of limitations because problems with stucco in residential construction have been well documented for many years prior to November 2014.[7] Thus, Plaintiffs ignored the existence of facts sufficient to put a person of ordinary intelligence and prudence on inquiry, which if pursued, would lead to the discovery of such facts.[8]

In opposition, Plaintiffs assert that the Complaint is timely because the Complaint was filed in November 2014, promptly after they learned of the construction defects from their home inspection expert in August 2014.[9] Plaintiffs contend that they were not aware, nor should they have been aware, of any hidden construction defects in their home prior to 2014 because "most homebuyers are not

---

[6] Capano Homes' Motion to Dismiss Plaintiffs' Complaint ("Mot. Dismiss") (Trans. ID 56499487).

[7] *Id.* ¶¶ 7–9.

[8] *Id.*

[9] Pls.' Opp'n ¶¶ 2–4.

3

construction experts and are not expected to understand the complexities of construction techniques or materials."[10]

## IV. STANDARD OF REVIEW

Through its Motion to Dismiss, Capano has submitted documents not relied upon by the Plaintiffs in their Complaint. "[I]f a party a party presents documents in support of its Rule 12(b)(6) motion and the court considers the documents, it generally must treat the motion as one for summary judgment."[11] Because the Court is excluding from its consideration the documents attached to Capano's motion, the motion to dismiss remains preserved.

On a motion to dismiss under Rule 12(b)(6), the Court will dismiss a complaint only if it appears "with reasonable certainty that, under any set of facts that could be proven to support the claims asserted, the plaintiff would not be entitled to relief."[12] The Court "accepts as true all well-pleaded allegations in the complaint, and must view all inferences drawn from the facts plead in the light most favorable to the plaintiff."[13]

---

[10] *Id.* ¶ 9.
[11] *In re Santa Fe Pac. Corp. S'holder Litig.*, 669 A.2d 59, 69 (Del. 1995); Super. Ct. Civ. R. 12(b)(6).
[12] *Clinton v. Enter. Rent-A-Car Co.*, 977 A.2d 892, 895 (Del. 2009).
[13] *Savor, Inc. v. FMR Corp.*, 2001 WL 541484, at *2 (Del. Super. 2001) *aff'd*, 812 A.2d 894 (Del. 2002).

## V. DISCUSSION

Negligence claims are governed by 10 *Del. C.* §8106, which requires that a plaintiff bring an action to recover damages within three years of the "accruing of the cause of action."[14] The statute of limitations may be tolled, however, under the Time of Discovery Rule.[15] If the Time of Discovery Rule applies, the statute of limitations "will begin to run only upon the discovery of facts constituting the basis of the cause of action *or* the existence of facts sufficient to put a person of ordinary intelligence and prudence on inquiry which, if pursued, would lead to the discovery of such facts."[16] For the limitations period to be tolled, the cause of action must be inherently unknowable and the plaintiff must be blamelessly ignorant of the cause of action.[17]

Here, the parties disagree as to when the statute of limitations began to accrue. "[T]he Court will not adjudicate contested issues of fact on a motion to dismiss, nor will it deem a pleading inadequate under Rule 12(b)(6) simply because a defendant presents facts that appear to contradict those plead by the

---

[14] *S&R Associates, L.P. v. Shell Oil Co.*, 725 A.2d 431, 439 (Del. Super. 1998); 10 *Del. C.* §8106.

[15] *See S&R Associates*, 725 A.2d at 439; *Lee v. Linmere Homes, Inc.*, 2008 WL 4444552, at *3 (Del. Super. 2008).

[16] *Wal-Mart Stores, Inc. v. AIG Life Ins. Co.*, 860 A.2d 312, 319 (Del. 2004) (citing *Coleman v. Pricewaterhousecoopers, LLC*, 854 A.2d 838, 842 (Del. 2004)) (internal citations omitted).

[17] *Morton v. Sky Nails*, 884 A.2d 480, 481–82 (Del. 2005) (citing *Layton v. Allen*, 246 A.2d 794 (Del. 1968)).

plaintiff."[18] It is premature for the Court to dismiss Plaintiffs' claim as time-barred because, without discovery, it is unclear when the statute of limitations began to accrue, and whether the statue of limitations is tolled by the Time of Discovery Rule. Under these circumstances, Capano is not entitled to dismissal.

## VI.  CONCLUSION

For the foregoing reason, Defendant's Motion to Dismiss is **DENIED. IT IS SO ORDERED.**

Jan R. Jurden, President Judge

---

[18] *Doe 30's Mother v. Bradley*, 58 A.3d 429, 445 (Del. Super. 2012).