# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BLACK DIAMOND HOPE HOUSE, INC. & DIANNE BINGHAM, PRESIDENT, | : | K15C-12-034 JJC |
| | : | In and For Kent County |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| U & I INVESTMENTS, LLC and USMAN SANDHU, | : | |
| | : | |
| | : | |
| Defendants, | : | |
| and | : | |
| | : | |
| U & I INVESTMENTS, LLC., and USMAN SANDHU, | : | |
| | : | |
| | : | |
| Defendants/Third-Party Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| CHARLES MESSINA PLUMBING & ELECTRIC COMPANY, MOLINA OMAR ALEXANDER d/b/a MM FLOORING and KIMMEL BOGRETT ARCHITECTURE SITE, INC., | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| Third-Party Defendants. | : | |

Submitted: April 27, 2018
Decided: May 22, 2018

## MEMORANDUM OPINION & ORDER

Charles J. Brown, III, Esquire, Gellert, Scali, Busenkell & Brown, LLC, Wilmington, Delaware, Attorneys for the Plaintiffs.

Robert D. Cecil, Jr., Esquire, Tybout, Redfearn & Pell, Wilmington, Delaware, Attorney for the Defendants & Third Party Plaintiffs.

Michael I. Silverman, Esquire, Silverman, McDonald & Friedman, Wilmington, Delaware, Paul Cottrell, Esquire, & Patrick McGrory, Esquire, Tighe & Cottrell, P.A., Wilmington, Delaware, Attorneys for Third Party Defendants.

Clark, J.

This property owner's suit alleges construction defects in a residential group home for adults with cerebral palsy. Plaintiff Black Diamond Hope House, Inc., and Dianne Bingham (hereinafter collectively "Black Diamond") assert that the general contractor, U & I Investments LLC (hereinafter "U & I"), is liable for negligence, breach of contract, negligent misrepresentation, fraud, violations of the Consumer Fraud Act, and breach of an implied warranty of workmanlike construction. The parties agree that 10 *Del.C.* § 8106's three-year statute of limitations applies to all counts. They disagree, however, as to the accrual date of the claims.

For the reasons outlined herein, under well-settled rules of contract interpretation, the construction contract between the parties defined the accrual date of Black Diamond's causes of action to be no later than the point when persons first occupied the dwelling. Black Diamond's claims are barred by the statute of limitations because it did not file suit within three years of that date, as required by the parties' contract. Accordingly, U & I's motion for summary judgment is GRANTED.[1]

---

[1] Third-Party Defendant, Kimmel Bogrett Architecture+ Site, Inc. (hereinafter "the archictect"), also filed a motion seeking summary judgment against U & I, who is also a Third-Party Plaintiff.

# I. Factual and Procedural Background

On June 18, 2008, Black Diamond contracted with U & I to construct a six-bedroom group home for adults with cerebral palsy (hereinafter "the Contract"). On February 18, 2009, a certificate of occupancy was issued for the property. Residents began occupying the property on April 6, 2009.

Black Diamond asserts that U & I performed defective work in several ways. The allegedly substandard work included significant leaks, deviations from the architectural drawings, and inadequately constructed floors that caused pooling of water in certain areas. In its complaint, Black Diamond asserts it discovered these defects on September 17, 2013. Thereafter, on December 31, 2015, Black Diamond filed its complaint seeking damages.

U & I moves for summary judgment alleging that the accrual clause in the Contract controls. Specifically, it alleges that a document incorporated into the contract defines the accrual of claims to begin on the substantial completion date of the project. Given Black Diamond's filing delay because it did not discover the defects sooner, U & I seeks summary judgment based on an expired statute of limitations.

# II. Standard of Review

Summary judgment may only be granted if the record shows that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.[2] The Court must view the evidence in the light most favorable to the non-

---

At oral argument, U & I represented it would file a stipulation of dismissal resolving its third-party indemnification and contribution claims against the architect and other sub-contractors if the Court grants its motion against Black Diamond. Based on that representation, the Court will not address the third-party summary judgment motion since this decision makes it moot.

[2] Super. Ct. Civ. R. 56(c); *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).

moving party.[3]  The burden of proof is initially on the moving party.[4]  However, if the movant meets his or her initial burden, then the burden shifts to the non-moving party to demonstrate the existence of material issues of fact.[5]  The non-movant's evidence of material facts in dispute must be sufficient to withstand a motion for judgment as a matter of law and must be sufficient to support the verdict of a rational jury.[6]

In this case, the parties advocate competing interpretations of the contract. Under standard rules of contract interpretation, the Court must determine the parties' intent from the language of the contract.[7]  Where there is no ambiguity, a contract is interpreted according to the "ordinary and usual meaning" of its terms.[8]

### III.    Positions of the Parties

Here, a three year statute of limitations applies to all claims asserted in the complaint.[9]  In its complaint, Black Diamond asserts that it did not discover the defects until September 17, 2013.  Accordingly, it relies upon the time of discovery rule and asserts that the statute of limitations did not expire until September 17, 2016.[10]  U & I counters that, pursuant to the Contract, the statute of limitations ran from the project's "substantial completion date" which was no later than April 6, 2009.  Consequently, U & I argues that Black Diamond's complaint became time barred on April 6, 2012, more than three years before Black Diamond filed it.

---

[3] *Brozaka v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).
[4] Super. Ct. Civ. R. 56(e); *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).
[5] *Id*. at 681 (citing *Hurtt v. Goleburn*, 330 A.2d 134 (Del. 1974)).
[6] *Lum v. Anderson*, 2004 WL 772074, at *2 (Del. Super. Mar. 10, 2004).
[7] *Twin City Fire Ins. v. Del. Racing Ass'n*, 840 A.2d 624, 628 (Del. 2003).
[8] *Id.*  (citation omitted).
[9] 10 *Del. C.* § 8106.
[10] *See Morton v. Sky Nails*, 884 A.2d 480, 481 (Del. 2005) (recognizing that under "the time of discovery rule, the statute of limitations does not begin to run until a party has reason to know that he/she has been injured.").

At the outset, the parties do not dispute that under normal circumstances the date of discovery rule would apply and set the accrual date. Also, both parties acknowledge that contractual provisions can modify aspects of the statute of limitations as to contracting parties. Accordingly, the dispute in this case focuses solely on the terms of the contract between Black Diamond and U & I.[11]

In examining the Contract, the parties agree that it incorporates by reference a version of the American Institute of Architects Document A201.[12] They disagree, however, regarding which version the Contract incorporated. The two possible versions include one that negates the time of discovery rule and one that preserves it.

## IV.  The Contract and the Two Competing Versions of the Incorporated AIA Document

Article 1, Section A, of the Contract provides that "[t]he Contract between the parties … consists of … the current edition of AIA Document A201." The parties executed the Contract on June 18, 2008. Consequently, the Court finds for purposes of its summary judgment analysis that the "current edition" of A201 at the time of contracting was the 2007 version of A201.

Section B of Article 1 of the Contract, further provides:

[t]he Contractor shall furnish all the materials and perform all of the work … shown on, and in accordance with, the [d]rawings and

---

[11] Black Diamond opposes summary judgment arguing only that it is improper because of which document is incorporated into the Contract. Namely, Black Diamond does not contest the enforceability of the accrual provision in the 1997 version of the form.

[12] AIA Document A201-1997 is an umbrella document published by the American Institute of Architects that sets forth the rights, responsibilities, and relationships of the owner and architect. It is often incorporated by reference into agreements between the owner and contractor. The Institute changes provisions in its document from time to time. Relevant to the case at hand, the two different versions at issue (1997 and 2007) have two different accrual provisions.

[s]pecifications entitled Black Diamond Hope House HUD Project No. 032-HD033, Dated Feb. 21, 2008." [13]

An addendum entitled "Black Diamond Hope House HUD Project No. 32-HD03," is attached to the Contract.[14] In that referenced document, the 1997 version of A201 is in turn specifically referenced under "Contract Requirements."[15]

U & I asserts that AIA document A201-1997 (hereinafter "the 1997 version of A201") was incorporated by reference in the Contract. Incorporation by reference is "[a] method of making a secondary document part of a primary document by including in the primary document a statement that the secondary document should be treated as if it were contained within the primary one. "[16] On the other hand, Black Diamond asserts that the Contract incorporated by reference AIA document A201-2007 (hereinafter "the 2007 version of A201"). Namely, Black Diamond argues that the 2008 construction contract incorporated by reference the "current edition" of A201, which was the 2007 version of A201.

For comparison purposes, Section 13.7.1.1 of the 1997 version of A201 includes a statute of limitations accrual clause, which provides:

> As between the [o]wner and the [c]ontractor. As to acts or failure to act occurring prior to the relevant date of Substantial Completion, any applicable statute of limitations shall commence to run and any alleged cause of action shall be deemed to have accrued in any and all events no later than such date of Substantial Completion.[17]

Substantial Completion is defined elsewhere, in Section 9.8.1 of the 1997 version of A201 as follows:

---

[13] Def.'s Mot. for Summ. J., Ex. B at 1.

[14] *Id*. at 4.

[15] *Id.*

[16] *Town of Cheswold v. Central Delaware Business Park,* 163 A.3d 710, 720 (Del. Super. Ct. 2017).

[17] Def.'s Mot. for Summ. J., Ex. C.

> [s]ubstantial [c]ompletion is the stage in the progress of the [w]ork when the [w]ork or designated portion thereof is sufficiently complete in accordance with the [c]ontract [d]ocuments so that the [o]wner can occupy or utilize the [w]ork for its intended use.[18]

U & I asserts that the Substantial Completion date of the project was, at the latest, April 6, 2009, when residents began occupying the property. The Court agrees because the contract defines that term to mean when the owner can occupy or utilize the work for its intended use.

In contrast, the 2007 version of A201 preserves the time of discovery rule and includes, rather than an accrual clause, what is best described as a contractual version of a ten year statute of repose. Namely, Section 13.7.1.1 of the 2007 version of A201 provides:

> [t]he [o]wner and [c]ontractor shall commence all claims and causes of action … within the time period specified by applicable law, but in any case not more than 10 years after the Substantial Completion of the [w]ork.[19]

The commentary on this 2007 change to the AIA Form reads:

> [w]hen an owner seeks to bring a cause of action against a contractor, it must be initiated within the applicable statute of limitations. In many states, owners have the benefit of the discovery rule, which provides that the time period within the legal proceeding must be initiated and begins to run when the alleged injury is discovered or should have reasonably been discovered. [The 2007 version of A201] requires that binding dispute resolution be initiated in accordance with the time periods specified in the applicable state law … As a result, the owner will have the benefit of the discovery rule in states that follow it …[20]

---

[18] *Id.*

[19] Pl.'s Resp. to Def.'s Mot. For Summ. J., Ex. A. at 52.

[20] *Id.*

Accordingly, if the 1997 version of A201 applies, Black Diamond's claims expired well before it filed its complaint. If the 2007 version of A201 applies, the claims were timely.

## V. Discussion

Well-settled rules of contract construction require that a contract be construed as a whole, giving effect to the parties' intentions.[21] In determining the parties' intent in this case, two additional rules of secondary contract construction apply. First, specific language in a contract controls over general language, and where specific and general provisions conflict, the specific provision ordinarily qualifies the general one.[22] Second, written or typed portions of an agreement take precedence over inconsistent provisions in a printed form.[23]

The Contract between the parties at issue was a HUD standardized contract, and the language in Section A referencing the current edition of A201 was a general term contained within boilerplate language. Section B, in contrast, includes blanks that leave spaces to reference other documents. Here, the parties included within Section B, a reference to the document "Black Diamond Hope House, HUD Project No. 032-HD033, dated Feb. 21, 2008." That document in turn references the 1997 version of A201. Consequently, since the portion of the Contract referencing the 1997 version of A201 is a specific term in the contract, while the portion referencing the current edition of A201 is a general term, the Court finds that the parties' intent was to incorporate by reference the 1997 version of A201.

---

[21] *DCV Holdings, Inc. v. ConAgra, Inc.*, 889 A.2d 954, 961 (Del. 2005).
[22] *Id.*; *See also* RESTATEMENT (SECOND) OF CONTRACTS § 236(c) (1981) (providing that "[w]here there is an inconsistency between general provisions and specific provisions, the specific provisions ordinarily qualify the meaning of the general provisions.").
[23] 11 WILLISTON ON CONTRACTS § 32:13 (4th ed.).

Independent of the specific versus general nature of the terms, one of the parties manually typed into the Contract the reference that in turn specifically incorporated the 1997 version of A201. Because the parties manually inserted a reference to a separate document that included the 1997 version of A201, that typed in reference controls over an inconsistent boilerplate reference found elsewhere in the document.

In the alternative, Black Diamond argues that the Contract's language incorporating the "current edition" of A201 is inconsistent with the later provision that specifically incorporates the 1997 version of A201. Accordingly, Black Diamond argues that such inconsistency creates an ambiguity.

Where a contract's plain meaning is susceptible to more than one reasonable interpretation, courts may consider extrinsic evidence to resolve an ambiguity.[24] In such a case, summary judgment is frequently inappropriate. At the outset, the Court finds no ambiguity in this Contract after applying the aforementioned rules of construction. Nevertheless, even if the general term and the specific term were deemed to create an ambiguity, there is no genuine issue of material fact regarding which version applies. Namely, U & I makes a prima facie showing that extrinsic evidence supports the parties' intent to incorporate the 1997 version of A201 instead of the 2007 version. After that initial showing, Black Diamond has not identified evidence of record sufficient to generate a triable issue of fact. In fact, in this case, all evidence of record points to the incorporation of the 1997 version of the document.

First, contrary to its argument in the instant motion, Black Diamond's complaint alleges that the 1997 version of A201 applies. In paragraph 14 of its complaint, Black Diamond alleged:

---

[24] *Salamone v. Garman*, 106 A.3d 354, 374 (Del. 2014).

9

> [t]he Agreement between the Plaintiffs and Contractor Defendants were directed, in part, by the Capital Advance Program – Construction Contract Cost Plus dated June 18, 2008 **incorporating, by reference**, Supplementary Conditions of the Contract for Construction, as well as **AIA document A-201**-**1997** . . .. (emphasis added).

While arguably not dispositive, statements made in pleadings by the parties constitute admissions, and are admissible as evidence.[25]

Second, at oral argument, Black Diamond conceded that it produced only the 1997 version of A201 in response to U & I's requests for production of all documents related to its claim. Black Diamond never produced a copy of the 2007 version of A201, and it identifies no evidence of record outside the terms of the Contract that supports its position that the 2007 version of A201 applied. Accordingly, even if an ambiguity existed in the Contract, under the circumstances of this case, U & I is entitled to summary judgment because all extrinsic evidence of record supports applying the 1997 version.

Since the Court finds that the parties incorporated the 1997 version of A201 into the Contract, the Court must next examine whether it requires the accrual of claims at a point other than the time of discovery of the breach. In this regard, "Delaware law does not have any bias against contractual clauses that shorten statutes of limitations because they do not violate the legislatively established statute of limitations, there are sound business reasons for such clauses, and our case law has long upheld such clauses as a proper exercise of the freedom of contract."[26] At

---

[25] *AT&T Corp. v. Lillis*, 2008 WL 4297550, at *5 (Del. Sep. 10, 2008) (recognizing that "admissions in . . . court pleadings constitute admissions by a party opponent pursuant to D.R.E. 801(d)(2)(D)."). In fact, some decisions find such statements in the initial pleadings to be conclusive judicial admissions. *See Kraus v. State Farm*, 2004 WL 2830889, at * 4 (Del. Super. April 23, 2004 (holding that "pleadings are not mere ordinary admissions but are considered 'judicial admissions' [that render] certain facts indisputable."). Without resolving the difference, at a minimum such a statement in the complaint constitutes an admission by a party opponent.
[26] *GRT, Inc. v. Marathon GTF Tech.,* 2011 WL 2682898, at *3 (Del. Ch. July 11, 2011).

least one Delaware Court has applied this in the context of fixing the time for accrual of a cause of action.[27]

Here, the 1997 version of A201 expressly defines the accrual of all relevant causes of action to be the "substantial completion" of the project. The incorporated version of the document then defines substantial completion as arising no later than the dwelling's occupancy. There is no material issue of fact regarding that date, which was no later than April 6, 2009, under any calculation. Accordingly, since the contract defined that date as the accrual date, it follows that the statute of limitations expired before Black Diamond filed its complaint.

On balance, Black Diamond did not contest in writing or at oral argument that application of the 1997 version would bar its claims. Rather, Black Diamond's sole argument was that the 2007 version of A201 applied. After considering the competing clauses in the two versions, and the commentary explaining the Institute's purpose for changing the relevant clauses in those versions, the Court recognizes that the 1997 version does not permit owners to take advantage of the discovery rule. It therefore follows that the statute of limitations for these claims expired no later than April 6, 2012, three years after the substantial completion of the property.

## VI. Conclusion

For the reasons set forth above, the Contract between Black Diamond and U & I controls the matter. Pursuant to fundamental rules of contract interpretation, this action became time barred on April 6, 2012. Black Diamond filed its complaint

---

[27] *See Reid v. Thompson Homes*, 2009 WL 5810220, at *1 (Del. Super. Ct. Sept. 16, 2009) (recognizing that the "'contract accrual date provision,' which is part of the Standard Form of Agreement Between Owner and Architect used throughout the nation, has been found enforceable in every reported decision by every court that has considered this argument.").

on December 31, 2015, well after the statute of limitations expired.  As a result, U & I's motion for summary judgment must be **GRANTED**.

**IT IS SO ORDERED**

/s/Jeffrey J Clark
Judge